### William J. Stewart *vs.* Sarah T. Jenkins.

A promissory note given by a married woman in payment for land conveyed to her, to her sole and separate use, is valid, under Gen. Sts. *c.* 108, § 3.

HOAR, J. The defendant is sued upon a promissory note which was made October 18th 1860, she being then and now a married woman. The note was given as the consideration in part of a conveyance, to her sole and separate use, of some real estate, which she purchased as a homestead ; and which was subject to a mortgage, which she undertook to assume and discharge. Whether such a transaction comes within the statutory provision which authorizes a married woman to " carry on

any trade or business on her sole and separate account;" and whether the validity of her contract would be affected by the fact that she had some separate property in possession or ex pectancy, from which means to pay the note in whole or in part might be derived, are questions which have been discussed at the bar, but which we need not now decide. The Gen. Sts. *c.* 108, § 3, provide that " a married woman may bargain, sell and convey her separate real and personal property, enter into any contracts in reference to the same, carry on any trade or business, and perform any labor or services on her sole and separate account, and sue and be sued in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole."

The first and most important question which this case presents is, whether a contract by which a married woman acquires separate property is, within the fair meaning of the statute, a contract respecting her separate property, into which she is allowed to enter? And we are all of opinion that it is. The object of all the recent legislation upon this subject is undoubtedly to protect the property of married women, by removing it from the control of their husbands; relieving it from liability for their husbands' debts; enabling them to hold and manage it without the intervention of trustees; and securing to them the proceeds of their own industry, skill and capacity for business. This legislation changes the common law in two most essential particulars: first, in regarding the interests in property of the husband and wife as not identical, but to a considerable extent distinct and independent; and secondly, in recognizing the capacity of the wife to judge and provide for what her own welfare requires, in acquiring, managing and disposing of property, without subjection to the control of her husband. Looking at the various provisions by which the intention of the legislature is manifested, the construction of the statute for which the defendant contends, that the contract must have exclusive reference to some separate property already possessed, seems to us much too narrow. All the objections which are suggested against intrusting a married woman with the power to purchase property

for her separate use apply with equal force to powers which are conferred on her in express terms. She may carry on any trade or business. Under this power her first act may be the purchase of any stock, materials, goods or merchandise, upon credit. She may involve herself in liabilities to any extent. If she owns a piece of land, of however trifling value, there is no doubt that she may make contracts for building upon it, involving responsibilities of indefinite magnitude. A bond for the conveyance of land to her for her sole use becomes by its mere execution and delivery her separate property; and she may then perform the condition of the bond, or make any appropriate contract to enable her to do so, and thus make her property in the bond available. This was decided in the recent case of *Ames* v. *Foster*, 3 Allen, 541; which was a suit on a promissory note, given by a married woman for money borrowed by her to make a payment in performance of the condition of a bond which she held for the conveyance of real estate. According to that decision, it would only have been necessary in the case at bar that she should have taken a bond to convey, previous to the actual conveyance; a ceremony which would not seem to change the substantial nature of the contract.

If we regard the principle involved, there would certainly be no good reason why a married woman should be permitted to engage at pleasure in the most hazardous kinds of trade and business, and to involve herself without limit in the pecuniary responsibilities which might arise therefrom, and yet should have no power to purchase a home for herself and her children, nor be allowed to bind herself to pay for articles even of the most absolute necessity. And in the case at bar, the most literal application of the statute could hardly change the result at which we have arrived. The conveyance of the real estate and the delivery of the note in suit were simultaneous. The note was without consideration and of no force or effect, except in consequence of the vesting of the estate in her as her sole and separate property. She was competent to receive the conveyance, and it passed the title to the land. It would be hard to say that the contract to pay for the land which she

thus took and held, was not entered into "in reference to her separate property." See *Chapman* v. *Foster, ante*, 138.

*Judgment for the plaintiff upon the facts agreed.**

*W. S. Leland*, for the defendant, was first called upon.

*A. J. Robinson*, for the plaintiff.

---

* A similar decision was made in the case of FRANK H. FREEMAN *vs.* HANNAH E. FOWLER, in Berkshire, in September 1863.